Peaesoit, O. J.
 

 This Court concurs in the conclusion of his Honor, that the plaintiff was not entitled to recover.
 

 The plaintiff acquired no title as administrator
 
 de lonis non,
 
 for the reason that Mrs. Peterson, who was administratrix of her former husband, Brown, had completed the administration in respect to Katy, the mother of the slave in controversy: so, that at her death, there was nothing left to be administered. The deed to Hill divested her title, and in any point of view, was an administration of the property conveyed by it. The purpose seems to have been to make a division between her daughter and herself, and to secure her one part for her separate use. Whether the deed was effectual for the purpose of
 
 *292
 
 making a division, is a question that cannot be raised in this Court. It certainly was effectual to divest her title as admin-istratrix, and amounted to “an assent” or delivery to herself, and daughter as distributees, and had the same legal effect as the assent of an. executor, according to the reasoning in
 
 Hailes
 
 v. Ingram, 6 Ired. Eq. 477.
 

 This ground is yielded in the learned argument filed by Mr. Ilaywood, and he falls back on the ¡position that the action can be maintained in the plaintiff’s
 
 own right
 
 on the authority of
 
 Cotton
 
 v.
 
 Davis,
 
 3 Jones’ Rep. 355. There are two objections — either of which makes this position untenable.
 

 1st. Supposing the legal effect of the deed to Hill was an assent or delivery by the administratrix to herself and daughter, as distributees, according to the division made thereby, the right to repudiate that division, and claim in opposition to it, was a
 
 chose i/n action
 
 of the daughter, which the plaintiff, who is her husband, cannot assert in an action to which she is not a party.
 

 2ndly. Such assent or delivery vested the title in the mother and daughter, as tenants in common, and, supposing the plaintiff to have the two-thirds of the daughter, and the de-defendant, claiming under Peterson, to have the one-third of the mother, and to be tenants in common, it is settled that trover will not lie by one tenant in common, against a co-tenant, unless the property is destroyed, either actually, or constructively, as where it is carried to parts unknown, or its identity is destroyed. There is no error.
 

 Pee OuRiAM. Judgment affirmed.